STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CIVIL ACTION
                                        DOCKET NO. AP-18-52

CHARLES BOCCHINO,

         Petitioner

v.                                      **ORDER ON RULE 80C**
                                        **PETITION FOR REVIEW**
                                        **OF FINAL AGENCY ACTION**

MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM,

         Respondent

Before the court is Petitioner Charles Bocchino's ("Bocchino's") 80C petition for review

of the decision of the Board of Trustees of Maine Public Employees Retirement System (MPERS)

denying his application for disability retirement benefits. Oral argument was held on July 18,

2019.[1] For the following reasons the petition is denied.

## Background

### Petitioner's Background

Bocchino is a former employee of the Maine Office of Information and Technology.

Bocchino began his employment in 2006 working full time for OIT. His last day of employment

with OIT was August 8, 2014.

On September 11, 2013, Bocchino underwent surgery to remove a benign acoustic

neuroma. On September 24, 2013, Bocchino had a post-surgery visit during which a Cerebrospinal

fluid leak was discovered. Bocchino underwent a second surgery to repair the leak.

---

[1] Oral argument had previously been held on February 5, 2019. Following the hearing, however, the presiding Justice recused herself from the case. Oral argument was then rescheduled to be heard by the undersigned Justice.

1

Bocchino returned to his work at OIT on December 11, 2013. Upon his return, Bocchino worked a reduced schedule of 20 hours per week. On April 3, 2014, Bocchino's hours were further reduced to 16 on the advice of his primary care physician. Bocchino ended his employment with OIT on August 8, 2014.

### Procedural Background

On February 12, 2014 Bocchino applied for disability retirement benefits based on functional limitations associated with acoustic neuroma and carpal tunnel syndrome.[2] On June 25, 2014, the Executive Director's Designee (the "EDD") denied Bocchino's application. On July 10, 2014, Bocchino appealed the EDD's decision to the Board of Trustees.

On November 3, 2014, Bocchino submitted an addendum to his application adding the condition of cognitive disorder, NOS, occipital neuralgia, post traumatic, and "combined effect: acoustic neuroma, occipital neuralgia, post traumatic, cognitive disorder." On December 19, 2014, the EDD considered the new conditions and affirmed the denial of Bocchino's application. On February 3, 2015, a hearing was held.

On February 12, 2015, Bocchino filed an addendum to his application, adding the conditions of post-operative, cognitive dysfunction and organics brain syndrome. Bocchino's application was then remanded to the EDD to consider the new conditions. On April 8, 2015, the EDD once again affirmed the denial of Bocchino's application.

On August 4, 2015, a second hearing was held. The case was subsequently remanded to the EDD for reconsideration. On November 6, 2015, the EDD affirmed the denial of benefits.

On October 14, 2016, the Hearing Officer issued the first recommended decision. On October 16, 2016, Bocchino wrote to the Counsel for the Board of Trustees alleging that legal

---

[2] Bocchino later abandoned his claim based on carpal tunnel syndrome.

2

errors existed in the recommended decision. The Board Counsel agreed and recommended that the Board remand the appeal.

On January 12, 2017, the Board remanded the appeal and on April 14, 2017 a third and final hearing was held. On August 22, 2017 the EDD affirmed the denial of benefits. On May 3, 2018, the Hearing Officer issued the final recommended decision. This decision concluded that Bocchino had "failed to carry his burden to demonstrate that he is entitled to disability retirement benefits." (R. 75.3.) On May 17, 2018, Bocchino once again wrote the Board Counsel alleging the existence of legal errors in the recommended decision.' On June 12, 2018 the Board Counsel wrote a letter stating that no errors were observed in the recommended decision. On July 12, 2018 the Board adopted the hearing officer's recommended decision.

On August 15, 2018, Bocchino filed this 80C petition for review of the Board's decision.

## Standard of Review

The Court reviews the Board's Decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶ 12, 977 A.2d 400 (citation omitted). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Id.* (quoting *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258). The party seeking to vacate an agency decision bears the burden of persuasion. *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676. "When an agency concludes that the party with the burden of proof failed to meet that burden, [the court] will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference." *Kelley v. Me. Pub. Emples. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676. (quotation omitted).

---

' In this letter, Bocchino requested that the claim be remanded in order to afford him an opportunity to cross-examine the Medical Board.

3

## Discussion

In his appeal Bocchino raises two arguments. First, Bocchino argues that the evidence does not support the Board's conclusions that cognitive disorder, NOS and mild neurocognitive disorder, NOS are not diagnosable conditions. Second, Bocchino argues that he was denied due process when he was not afforded an opportunity to cross examine the Medical Board.

### I. The Sufficiency of the Board's Conclusions

An MPERS member is eligible for a disability retirement benefit if they are "disabled while in service . . . ." 5 M.R.S. § 17924(1). An MPERS member is "disabled" if they are "mentally or physically incapacitated under the following conditions: A. The incapacity is expected to be permanent; [and] B. That it is impossible to perform the duties of the member's employment position . . . ." 5 M.R.S. § 17921(1).

Bocchino attacks the Board of Trustees conclusion that there is insufficient evidence establishing that Bocchino suffers from a cognitive disorder. Specifically, Bocchino attacks the Board's conclusion that Bocchino's "apparently measurable deficit, described either as cognitive disorder, NOS under DSM-IV or mild cognitive disorder under DSM-V, is not a separate diagnosable medical condition." (R. 75.21.) In support of his argument, Bocchino cites the testimony of his physicians Dr. Burke and Dr. Riley.

In order to prevail on his appeal, Bocchino cannot rely solely on the existence of evidence which supports his argument; he must instead show that no competent evidence supports the decision of the Board of Trustees. *Green v. Comm'r of the Dept. of Mental Health, Mental Retardation and Substance Abuse Servs.*, 2001 ME 86, ¶ 12, 776 A.2d 612. Contrary to Bocchino's argument, however, competent evidence exists in the administrative record that supports the Board's decision.

4

For instance, the Medical Board reports relied upon by the Board of Trustees support a finding that Bocchino is not suffering from a cognitive disorder which is a separate diagnosable condition. (R. 20.354; 21.4.) Further, although Bocchino's cognitive impairments may be "measurable," the Board of Trustees also concluded that they were "mild." (R. 75.21-23.) This conclusion is supported by both the Medical Board reports as well as the testimony of Dr. Riley and Dr. Burke. (R. 20.88; 20.109; 21.4.) Thus, competent evidence exists to support a finding that Bocchino does not suffer from an impairment which makes it impossible for him to perform his work. Consequently, the evidence supports the Board of Trustees' conclusion that Bocchino has failed to carry his burden to show that he is entitled to disability retirement benefits.

## II. Bocchino's Due Process Right to Cross Examination

Following the issuance of the Hearing Officer's second and final recommended decision, Bocchino filed comments with the Board of Trustees wherein he requested that the matter be remanded to the Hearing Examiner to allow Bocchino the opportunity to cross-examine the Medical Board. In the alternative, Bocchino also requested that the Board of Trustees disregard the Medical Board's Reports. The Board of Trustees denied Bocchino's request for cross-examination. Bocchino argues that this deprived him of due process.

Bocchino argues that, pursuant to 5 M.R.S. § 9057(4)[4] and *Jalbert v. Me. Pub. Employees Retirement Sys.*, 2017 ME 69, 158 A.3d 940,[5] the Medical Board's report should be treated as

---

[4] Section 9057(4) states that "an agency may, for the purposes of expediting adjudicatory proceedings, require procedures for the prefiling of all or part of the testimony of any witness in written form. Every such witness shall be subject to oral cross-examination."

[5] Specifically, Bocchino cites to footnote 6 of the *Jalbert* opinion. In that footnote, the Law Court noted that in prior cases it had held that Medical Board reports "do not rise to the level of 'prefiled testimony' that triggers the applicant's statutory right to cross-examine the medical board's members." *Jalbert*, 2017 ME 69, ¶ 14 n.6 (citing *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 25, 967 A.2d 676. The Law Court then noted that, since deciding its earlier opinions, the Legislature had modified the relevant statute by describing the Medical Board's reports as "medical evidence" and requiring that MPE consider those reports when making a disability determination. The Law Court described the statutory change as being consistent with the statutory language in existence at the time it had decided

"prefiled testimony" which would give Bocchino the right to cross-examine members of the Medical Board. Although Bocchino claims that section 9057(4) establishes his right to cross-examine witnesses, he does not attempt to distinguish the Law Court's decision in *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 25, 967 A.2d 676 which held that Medical Board reports are not "prefiled testimony" within the meaning of section 9057(4). Instead, Bocchino argues that principles of due process require that he be given an opportunity to cross-examine the Medical Board's members. Specifically, Bocchino cites to *Mathews v. Eldridge*, 424 U.S. 319 (1976) and argues that cross-examination is necessary because, otherwise, there would be a heightened risk that the Board of Trustees would base its decision on erroneous evidence.

In their opposition, the Board of Trustees argues: (1) that Bocchino's request was not timely and that, consequently, his argument has been waived; and (2) that Bocchino has not shown why the court should depart from prior precedent and hold that due process requires that Bocchino have the opportunity to cross examine the members of the Medical Board.

Both parties agree that Bocchino did not make a request to cross-examine the Medical Board members at any of the hearings. The Board of Trustees further points out that Bocchino did not object to the admission of the Medical Board's report. Because Bocchino had an opportunity to request cross-examination of the members of the Medical Board at his administrative hearings and because he did not make such a request or object to the admission of the Medical Board's report, the court finds that Bocchino has not preserved this issue for appellate review. *See Dowling v. Bangor Hous. Auth.* 2006 ME 136, ¶ 13, 910 376 (holding that a petitioner had failed to preserve

---

its earlier decisions. Because the appellant in *Jalbert* had not raised the issue at the administrative level, the Law Court refrained from deciding the question of whether the statutory modification now required the court to classify Medical Board reports as "prefiled testimony" within the meaning of 5 M.R.S. 9057(4).

6

an issue for appeal when she did not raise any objection to the admission of evidence at the administrative hearing).[6]

## Conclusion

The entry is

The Decision of the Board of Trustees of the Maine Public Employees Retirement System is AFFIRMED and Petitioner Charles Bocchino's 80C Petition for Review of Final Action of the Maine Public Employees' Retirement System is DENIED.

The clerk is directed to incorporate this Order by reference in the docket in accordance with M.R. Civ. P. 79(a).

Date: September 3, 2019

William R. Stokes
Justice Superior Court

---

[6] In *Dowling*, the appellant argued that both her statutory and due process rights were violated by the Bangor Housing Authority's failure to produce a witness who could be subject cross-examination. *Dowling*, 2006 ME 136, ¶¶ 11-12. The Law Court held that Dowling's failure to object to the admission of the prospective witness's notes was fatal to her appeal because she had not preserved the issue. *Id.* ¶ 13. Just as in *Dowling*, Bocchino did not object to the admission of the Medical Board report at the administrative hearing.